UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 10-20886-CR-UNGARO

UNITED STATES OF AMERICA

vs.

RENE SANABRIA-OROPEZA,
        Defendant.
_____/

## PLEA AGREEMENT

The United States of America and Rene Sanabria-Oropeza (hereinafter referred to as the "defendant") enter into the following agreement:

1. The defendant agrees to plead guilty to Count 1 of the indictment, which charges the defendant with Conspiracy to Import of a Controlled Substance, in violation of Title 21, United States Code, Section 963.

2. The United States agrees to seek dismissal of Count 2 of the indictment, as to this defendant, after sentencing.

3. The defendant is aware that the sentence will be imposed by the court after considering the Federal Sentencing Guidelines and Policy Statements (hereinafter "Sentencing Guidelines"). The defendant acknowledges and understands that the court will compute an advisory sentence under the Sentencing Guidelines and that the applicable guidelines will be determined by the court relying in part on the results of a Pre-Sentence Investigation by the court's probation office, which investigation will commence after the guilty plea has been entered. The defendant is also aware that, under certain circumstances, the court may depart from the advisory sentencing guideline range that it has computed, and may raise or lower that advisory sentence under the Sentencing Guidelines. The defendant is further aware and understands that the court is required to consider the advisory

guideline range determined under the Sentencing Guidelines, but is not bound to impose that sentence; the court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines' advisory sentence. Knowing these facts, the defendant understands and acknowledges that the court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offenses identified in paragraph 1 and that the defendant may not withdraw the plea solely as a result of the sentence imposed.

4. The defendant also understands and acknowledges that, as to Count 1, the court may impose a statutory maximum term of up to life imprisonment and a statutory mandatory minimum of ten years' imprisonment. The court must also impose a statutory minimum term of supervised release of five years and may impose a maximum term of supervised release of life. In addition to a term of imprisonment and supervised release, as to Count 1, the court may impose a fine of up to four million dollars ($4,000,000).

5. The defendant further understands and acknowledges that, in addition to any sentence imposed under paragraph 4 of this agreement, a special assessment in the amount of $100 will be imposed on the defendant. The defendant agrees that any special assessment imposed shall be paid at the time of sentencing.

6. The Office of the United States Attorney for the Southern District of Florida (hereinafter "Office") reserves the right to inform the court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning the defendant and the defendant's background. Subject only to the express terms of any agreed-upon sentencing recommendations contained in this agreement,

this Office further reserves the right to make any recommendation as to the quality and quantity of punishment.

7. The United States agrees that it will recommend at sentencing that the court reduce by two levels the sentencing guideline level applicable to the defendant's offense, pursuant to Section 3E1.1(a) of the Sentencing Guidelines, based upon the defendant's recognition and affirmative and timely acceptance of personal responsibility. If at the time of sentencing the defendant's offense level is determined to be 16 or greater, the government will make a motion requesting an additional one level decrease pursuant to Section 3E1.1(b) of the Sentencing Guidelines, stating that the defendant has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the court to allocate their resources efficiently. The United States further agrees to recommend that the defendant be sentenced at the low end of the guideline range, as that range is determined by the court, but no further than the statutory mandatory minimum. The United States, however, will not be required to make this motion and these recommendations if the defendant: (1) fails or refuses to make a full, accurate and complete disclosure to the probation office of the circumstances surrounding the relevant offense conduct; (2) is found to have misrepresented facts to the government prior to entering into this plea agreement; or (3) commits any misconduct after entering into this plea agreement, including but not limited to committing a state or federal offense, violating any term of release, or making false statements or misrepresentations to any governmental entity or official.

8. The United States and the defendant agree that, although not binding on the probation office or the court, they will jointly recommend that the court make the following findings and conclusions as to the sentence to be imposed:

<u>Offense Level</u>: That the quantity of drugs involved in the offense, for the purpose of Section 2D1.1(a) and (c) of the Sentencing Guidelines, is more than fifty (50) kilograms but less than one hundred fifty (150) kilograms of cocaine.

9. The defendant agrees that he shall cooperate fully with this Office by: (a) providing truthful and complete information and testimony, and producing documents, records and other evidence, when called upon by this Office, whether in interviews, before a grand jury, or at any trial or other Court proceeding; (b) appearing at such grand jury proceedings, hearings, trials, and other judicial proceedings, and at meetings, as may be required by this Office; and (c) if requested by this Office, working in an undercover role under the supervision of, and in compliance with, law enforcement officers and agents. In addition, the defendant agrees that he will not protect any person or entity through false information or omission, that he will not falsely implicate any person or entity, and that he that he will not commit any further crimes.

10. This Office reserves the right to evaluate the nature and extent of the defendant's cooperation and to make that cooperation, or lack thereof, known to the Court at the time of sentencing. If in the sole and unreviewable judgment of this Office the defendant's cooperation is of such quality and significance to the investigation or prosecution of other criminal matters as to warrant the Court's downward departure from the advisory sentencing range calculated under the Sentencing Guidelines and/or any applicable minimum mandatory sentence, this Office may make a motion prior to sentencing pursuant to Section 5K1.1 of the Sentencing Guidelines and/or Title

18, United States Code, Section 3553(e), or subsequent to sentencing pursuant to Rule 35 of the Federal Rules of Criminal Procedure, informing the Court that the defendant has provided substantial assistance and recommending that the defendant's sentence be reduced. The defendant understands and agrees, however, that nothing in this agreement requires this Office to file any such motions, and that this Office's assessment of the quality and significance of the defendant's cooperation shall be binding as it relates to the appropriateness of this Office's filing or non-filing of a motion to reduce sentence.

11. The defendant understands and acknowledges that the Court is under no obligation to grant a motion for reduction of sentence filed by the government. In addition, the defendant further understands and acknowledges that the Court is under no obligation of any type to reduce the defendant's sentence because of the defendant's cooperation.

12. The defendant also agrees that the defendant shall assist this Office in all proceedings, whether administrative or judicial, involving the forfeiture to the United States of all rights, title, and interest, regardless of their nature or form, in all assets, including real and personal property, cash and other monetary instruments, wherever located, which the defendant or others to his knowledge have accumulated as a result of illegal activities. Such assistance will involve an agreement on defendant's part to the entry of an order enjoining the transfer or encumbrance of assets which may be identified as being subject to forfeiture. Additionally, defendant agrees to identify as being subject to forfeiture all such assets, and to assist in the transfer of such property to the United States by delivery to this Office upon this Office's request, all necessary and appropriate documentation with respect to said assets, including consents to forfeiture, quit claim

deeds and any and all other documents necessary to deliver good and marketable title to said property.

13. The defendant further agrees to forfeit to the United States voluntarily and immediately all of her right, title and interest to any and all assets, and/or their substitutes which are subject to forfeiture pursuant to Title 21, United States Code, Section 853. Those assets include anything that is property constituting, or derived from proceeds of an unlawful drug activity or was used or intended to be used to facilitate unlawful drug activity as set forth in Count 1 of the Indictment.

14. The defendant is aware that the sentence has not yet been determined by the court. The defendant also is aware that any estimate of the probable sentencing range or sentence that the defendant may receive, whether that estimate comes from the defendant's attorney, the government, or the probation office, is a prediction, not a promise, and is not binding on the government, the probation office or the court. The defendant understands further that any recommendation that the government makes to the court as to sentencing, whether pursuant to this agreement or otherwise, is not binding on the court and the court may disregard the recommendation in its entirety. The defendant understands and acknowledges, as previously acknowledged in paragraph 3 above, that the defendant may not withdraw his plea based upon the court's decision not to accept a sentencing recommendation made by the defendant, the government, or a recommendation made jointly by both the defendant and the government.

15. This is the entire agreement and understanding between the United States and the defendant. There are no other agreements, promises, representations, or understandings.

WIFREDO A. FERRER
UNITED STATES ATTORNEY

Date: 6/24/11        By: _____
                     BRIAN DOBBINS
                     ASSISTANT UNITED STATES ATTORNEY

Date: 6/24/11        By: _____
                     SABRINA D. VORA-PUGLISI, ESQ.
                     ATTORNEY FOR DEFENDANT

Date: 6/24/11        By: _____
                     RENE SANABRIA-OROPEZA
                     DEFENDANT

7